**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHNNETTA PUNCH,
      Appellant,

      v.

NATIONAL AERONAUTICS AND
    SPACE ADMINISTRATION,
      Agency.

DOCKET NUMBER
DA-0432-13-4323-I-2

DATE: February 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bobby Devadoss, Esquire, and Stephanie Bernstein, Esquire, Dallas, Texas,
    for the appellant.

Randall T. Suratt, Esquire, Houston, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant served as a GS-12 Program Analyst in the agency's Office of the Director, Lyndon Johnson Space Center, in Houston, Texas. *Punch v. National Aeronautics & Space Administration*, MSPB Docket No. DA-0432-13-4323-I-1, Initial Appeal File (I-1 IAF), Tab 4, Subtab 4o. On March 4, 2013, the agency issued her a Notice of Unacceptable Performance advising her that she was failing to meet the performance requirements for two critical elements of her position: Provide a risk-based cost estimate and related documentation for the Ares 1-X Project using the SEER[2] suite of estimating tools (critical element 1), and using the PRICE Systems[3] suite of estimating tools (critical element 2). *Id.*, Subtab 4*l*. The Notice of Unacceptable Performance indicated that the appellant's performance had not met expectations since 2011 and that, despite being offered considerable assistance, her performance deficiencies continued. She was placed on a 60-day Performance Improvement Plan (PIP) to provide her an opportunity

---

[2] System Estimation and Evaluation of Resources (SEER) is a commercial parametric cost model used by the agency for parametric hardware estimating, which in turn is a tool that assists in the planning and management of projects.

[3] PRICE Systems is a tool that, inter alia, provides the agency with a cost-estimating framework designed to reduce the time and expense required to satisfy credible, data-driven parametric estimating needs.

to improve her performance to a minimally acceptable level. For each of the two critical elements, she was given three specific work tasks (developing, analyzing, and presenting the results of her cost estimate using each of the two suites) and deadlines, and she was informed that, to meet a minimally acceptable level of performance, she could have no more than five errors with no more than two instances of missed deadlines. *Id.* At the conclusion of the PIP, the agency determined that the appellant had made 17 significant errors related to critical element 1, and 19 errors related to critical element 2. *Id.*, Subtabs 4a, 4b. On June 6, 2013, the agency issued the appellant a Performance Summary Rating Level of Unacceptable for the period from May 1, 2012, to April 30, 2013, *id.*, Subtab 4k, and a Notice of Proposed Removal based on her continued unacceptable performance in critical elements 1 and 2, *id.*, Subtab 4j. Following the appellant's oral and written replies to the notice, *id.*, Subtabs 4f, 4g, on August 5, 2013, the agency issued a decision letter concluding that she had failed to demonstrate acceptable performance in either critical element 1 or 2, warranting her removal, effective August 7, 2013, *id.*, Subtabs 4c, 4d.

¶3      On appeal, the appellant argued that the agency did not communicate her critical elements and performance standards to her, did not warn her of her inadequacies, did not provide her a reasonable opportunity to improve, and, in taking the removal action, retaliated against her for protected activity. I-1 IAF, Tab 1 at 6. She requested a hearing. *Id.* at 2. The appellant subsequently added claims that the agency denied her due process and committed harmful procedural error, and she clarified her position that the agency's action was in retaliation for her protected equal employment opportunity (EEO) activity.[4] *Punch v. National Aeronautics & Space Administration*, MSPB Docket No. DA-0432-13-4323-I-2, Initial Appeal File (I-2 IAF), Tab 13. When she withdrew her hearing request, I-2 IAF, Tab 27, the administrative judge issued a close of

_____

[4] The appellant raised these claims after the administrative judge dismissed the initial appeal without prejudice to refiling. I-1 IAF, Tab 18, Initial Decision at 1.

the record notice, I-2 IAF, Tab 29, to which both parties made final submissions,[5] I-2 IAF, Tabs 30-36.

¶4     Thereafter, the administrative judge issued an initial decision affirming the agency's action.  I-2 IAF, Tab 44, Initial Decision (I-2 ID) at 1, 14.  He first found that, in the absence of a claim by the appellant that the agency's performance appraisal system was not approved by the Office of Personnel Management (OPM), the agency was not required to submit evidence of such, and the administrative judge presumed that the agency was in compliance with the requirement.[6]  I-2 ID at 3-4.  The administrative judge next found that, on their face, the agency performance standards at issue impermissibly required extrapolation more than one level below the written standard, but that the agency cured the defect with its subsequent written communications to the appellant so that it did, in fact, show that it notified her of the minimum level of performance necessary to achieve acceptable performance, that is, the Needs Improvement level.  I-2 ID at 4-7.  The administrative judge found that the agency provided the appellant with a reasonable opportunity to improve her performance, I-2 ID at 7-9, but that she failed to meet at least one critical element of her position during the PIP,  I-2 ID at 9-10.  In addressing the appellant's affirmative defenses, the administrative judge found that she failed to show that the removal action was taken in retaliation for her protected EEO activity, I-2 ID at 10-12, or that the agency denied her minimum due process or committed harmful procedural error, I-2 ID at 13.

---

[5] The appellant also filed a submission after the close of the record, I-2 IAF, Tab 37, to which the agency replied.  I-2 IAF, Tab 40.  Finding the appellant's submission untimely filed without good cause shown, the administrative judge declined to consider it or the agency's reply.  I-2 IAF, Tab 44, Initial Decision (I-2 ID) at 14 n.3.

[6] In fact, the agency was in compliance because it submitted evidence that, on January 31, 2005, OPM approved its performance appraisal system.  I-1 IAF, Tab 4, Subtab 4p.

¶5    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶6    On review, the appellant argues that the administrative judge erred in finding that the agency proved that she had adequate time and resources to satisfactorily complete the PIP.[7]    PFR File, Tab 1 at 18-21.    In determining whether an agency has afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time which is sufficient to enable the employee to demonstrate acceptable performance.    *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 32 (2010).

¶7    The appellant first argues that the administrative judge "blatantly misstated the law" by holding the appellant responsible for proving that her computer issues impacted her ability to perform under the PIP, whereas it is the agency's burden to prove that she had a reasonable opportunity to improve her performance.  PFR File, Tab 1 at 20.  On the contrary, the administrative judge set out the agency's burden and, after weighing the evidence, found that the agency presented substantial evidence that it provided the appellant a reasonable opportunity to demonstrate performance at the minimally acceptable or Needs Improvements level.  I-2 ID at 3, 7-9.

¶8    The appellant contends that she had computer problems of which the agency was aware that impacted her ability to meet the requirements of the PIP, and that she lost 6 days of the 60-day PIP due to computer issues.[8]  PFR File, Tab 1 at 18-21.  The administrative judge acknowledged that the appellant's supervisor and her team lead knew that she had computer problems, but considered their testimony that some of the errors were of the appellant's own doing and that, in

---

[7] For ease of analysis, we have addressed the appellant's claims in a different order than that in which they were raised.

[8] The appellant does not assert that she asked for an extension of the PIP.

any event, she still had adequate time and resources to complete the assigned tasks. I-2 ID at 9, *see, e.g.*, I-2 IAF, Tab 30 at 173-78 of 775 (deposition of the appellant's team lead); I-2 IAF, Tab 31 at 66-68 of 593 (deposition of the deciding official); and I-2 IAF, Tab 31 at 213-18 (deposition of the appellant's supervisor).

¶9    The appellant also argues on review that she was denied access to technical experts during the PIP, which adversely impacted her ability to complete the assigned tasks. PFR File, Tab 1 at 13-15. The administrative judge considered the appellant's claim and the evidence she submitted in support, such as the affidavit of a licensed trainer to the effect that such access would have been critical to the appellant's success, I-2 IAF, Tab 33, but he also considered contrary evidence provided by the agency's witnesses to the effect that the appellant had access to other individuals who had worked on the project previously, I-2 ID at 8-9; *see, e.g.*, I-2 IAF, Tab 30 at 78-80 of 775 (deposition of the appellant's team lead); I-2 IAF, Tab 31 at 60-62 of 593 (deposition of the deciding official); and I-2 IAF, Tab 31 at 68-70 (deposition of the appellant's supervisor).

¶10    As the administrative judge correctly found, the agency's burden of proof in an action taken under 5 U.S.C. chapter 43 is substantial evidence, 5 U.S.C. § 7701(c)(1)(A), which is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree, 5 C.F.R. § 1201.4(p); I-2 ID at 3. The agency need not present more persuasive evidence than that presented by the appellant in order to meet its burden. *Shuman v. Department of the Treasury*, 23 M.S.P.R. 620, 624 (1984). Based on our review of the record evidence, we find that the appellant has not shown error in the administrative judge's conclusion that the agency proved by substantial evidence

that the agency afforded her a reasonable opportunity to improve her performance during the PIP.[9]

¶11　　The appellant next alleges that the administrative judge erred in finding that the agency proved that her actual performance was unacceptable during the PIP. PFR File, Tab 1 at 10-18. Part of the agency's burden of proof is to show that the appellant's performance remained unacceptable in one or more of the critical elements for which she was provided an opportunity to demonstrate acceptable performance. 5 U.S.C. § 4302(b), 7701(c)(1)(A); *Lee*, 115 M.S.P.R. 533, ¶ 5.

¶12　　The appellant asserts that the administrative judge gave too much emphasis to the depositions and affidavits of agency officials in finding that the agency met its burden to prove that her performance was unacceptable, PFR File, Tab 1 at 10-11, and she argues that the officials were not wholly consistent on certain points and that their testimony was contradicted by the appellant's own affidavit, *id*. at 16-17.

¶13　　The agency witnesses who worked with the appellant during the PIP testified at great length on the errors the appellant committed. *See, e.g.*, I-2 IAF, Tab 31 at 88-154 (deposition of the appellant's supervisor); I-2 IAF, Tab 30 at 191-294 of 775 (deposition of the appellant's team lead). Given that the agency bears the burden of proof in this matter by substantial evidence, we find that the appellant has not shown that the administrative judge's reliance on the agency officials' affidavits and depositions was improper. Even if, as the appellant asserts, the individuals provided inconsistent testimony on certain

---

[9] The appellant argues that she requested to work at home but that the agency, without providing an explanation, did not allow her to do so. PFR File, Tab 1 at 19-20. The administrative judge found that, as with certain of the appellant's other objections, she did not show that working at home would have affected her ability to complete the tasks in the time allowed. I-2 ID at 9. Beyond her mere disagreement, the appellant has not, on review, shown error in the administrative judge's finding regarding this matter. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997).

points,[10] she has not shown that any such inconsistencies or any other factors were sufficient to render them incredible. Further, to the extent that the agency witnesses' testimony regarding the errors the appellant committed during the PIP is contradicted by her own testimony, as we have pointed out, substantial evidence is only that degree of evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p). Finally, while the appellant argues that the administrative judge did not take into account her own affidavit regarding the cited errors, we find that the administrative judge did, in fact, consider that the appellant disputed the errors attributed to her. I-2 ID at 10. In any event, an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In sum, we find that the appellant has not shown that the administrative judge erred in finding that the agency proved by substantial evidence that her performance was unacceptable in at least one critical element.[11]

---

[10] For example, the appellant asserts that her supervisor testified during his deposition that, based on the appellant's assignments during the PIP, she did not need technical experts but that he also testified that such projects sometimes require extensive interaction with external parties. I-2 ID at 14.

[11] The appellant also challenges certain agency officials' qualifications to evaluate her performance, claiming that, because the deciding official relied heavily upon the proposing official and another subject matter expert, he did not make an independent determination. PFR File, Tab 1 at 22-24. Although the deciding official acknowledged not being a "practitioner in cost estimating or cost assessment," I-2 IAF, Tab 31 at 27, 29 of 593, he carefully explained how, in reaching his determination, he relied on his management team to provide the details, *id.* at 28, and reviewed the cited errors along with the appellant's "rebuttals," *id.* at 29, and the other pertinent documents, *id.* at 30-31, including emails between the appellant and her supervisor, *id.* at 31-33. The appellant has pointed to no requirement in law or regulation that a deciding official in a performance-based action under 5 U.S.C. chapter 43 must possess specific subject matter expertise, and we are not aware of any such requirement.

¶14     Next, the appellant challenges the administrative judge's statement that she failed to prove that, in removing her, the agency violated her due process rights or committed harmful procedural error. PFR File, Tab 1 at 7-9. First, the appellant contends that she requested, but was denied, documents related to proposed disciplinary actions issued to similarly situated employees and "supervisory and OPF files (including performance appraisals.)" *Id.* at 7. The appellant has not, by this claim, established a violation of her constitutional right to minimum due process as she does not assert, nor is there evidence to show, that she was denied prior notice of the action and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Neither has the appellant demonstrated that the agency's failure to provide her with these documents constituted harmful procedural error because she has not shown that any such error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.[12] *Vena v. Department of Labor*, 111 M.S.P.R. 165, ¶ 9 (2009).

¶15     The appellant also alleges that, during adjudication, she was denied copies of the work product documents she submitted during the PIP. PFR File, Tab 1 at 9. Again, she has failed to establish any violation of her due process rights in this regard. Moreover, the agency challenges the appellant's assertion and has submitted copies of her presentations on the three deadlines for each of the two critical elements at issue. I-1 IAF, Tab 10, Agency Exhibits 1-6. As such, we find that the appellant has not established any procedural error, much less a harmful one.

¶16     Finally, the appellant disputes the administrative judge's finding that she failed to establish her claim that the agency's action was in retaliation for her

---

[12] The appellant did not raise an allegation of disparate penalty below, I-2 IAF, Tab 7, and, in any event, the Board has no authority to mitigate a penalty taken under 5 U.S.C. chapter 43. *See, e.g.*, *Davis v. Department of Health & Human Services*, 58 M.S.P.R. 538, 541 (1993), *aff'd*, 26 F.3d 139 (Fed. Cir. 1994) (Table).

protected EEO activity, specifically, EEO complaints she filed on October 1, 2012, and March 22, 2013, in which she named as discriminatory officials the individuals involved in her removal.[13] PFR File, Tab 1 at 25-29. The appellant asserts on review that she made a prima facie case of retaliation because she showed that she engaged in protected activity, the deciding official knew of such activity, and the agency's action could have been retaliation. *Id.* at 25-27.

¶17     The administrative judge correctly found, however, that the appropriate analysis under the circumstances involves a determination of whether the appellant has proven by preponderant evidence that the protected activity was a motivating factor in the contested personnel action. I-2 ID at 10; *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 41 (2015). The administrative judge also correctly found that proof that the protected activity was a motivating factor may be shown by different types of evidence, including direct evidence or circumstantial evidence, the latter of which may consist of suspicious timing, ambiguous oral or written statements, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of retaliatory intent may be drawn; comparator evidence; or evidence that the agency's stated reason for the action is mere pretext. I-2 ID at 11; *Savage*, 122 M.S.P.R. 612, ¶ 42. If the appellant meets her burden, the Board will reverse the action only if the agency fails to show by preponderant evidence that the action was not based on the prohibited personnel practice; that is, that it still would have taken the contested action in the absence of retaliatory motive.

---

[13] On review, the appellant claims that the administrative judge overlooked the fact that she filed a third EEO complaint on June 27, 2013. PFR File, Tab 1 at 30. We disagree. The administrative judge did note the appellant's assertion that she contacted an EEO counselor on February 8, 2013. I-2 ID at 10. In any event, even if the appellant filed a third EEO complaint, as she asserts, that filing would have been after she had completed the PIP and several weeks after June 6, 2013, when the agency proposed her removal. Therefore, to the extent the administrative judge erred in not mentioning the third EEO complaint, any such error did not prejudice the appellant's substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

*Id.*, ¶ 51. On review of the record evidence, the administrative judge found that the appellant failed to meet her burden. I-2 ID at 11-12.

¶18 The appellant's main claim is that the administrative judge failed to acknowledge the extent to which the agency officials involved in her removal knew of her protected activity. PFR File, Tab 1 at 28-29. Specifically, the appellant challenges the administrative judge's reliance on the deciding official's testimony that he was aware only generally that the appellant had filed an EEO complaint. I-2 IAF, Tab 3 at 23 of 593 (deposition of the deciding official); I-2 ID at 11. Although such knowledge would be pertinent in determining whether the appellant made a prima facie showing of retaliation, we have found that that analysis is unnecessary under these circumstances, and that the matter for consideration is whether, using the types of evidence set out above, the appellant showed by preponderant evidence that retaliation was the motivating factor in the agency's decision to remove her.

¶19 In this regard, the administrative judge considered evidence that the appellant's performance problems predated her protected EEO activity. I-2 ID at 12. He also considered the appellant's claim that she received a Fully Successful rating and a within-grade increase for the period from May 2011 to April 2012. He found that her original rating of Needs Improvement was upgraded to Fully Successful in settlement of a grievance she filed after it was discovered that she had mistakenly received an automatic notification of a successful rating due to a computer error. In so finding, the administrative judge noted that, as the agency alleged, the narrative of the appraisal, which indicated that the appellant's performance needed to improve, remained unchanged. *Id.* On review, the appellant challenges the administrative judge's findings regarding the effect of any computer error on her earlier rating. PFR File, Tab 1 at 21-22. However, the appellant's supervisor's testimony at deposition, I-2 IAF, Tab 31 at 40-42, combined with the negative remarks that remain on the appellant's earlier performance rating, I-2 IAF, Tab 43, Exhibit 11 at 8, cast doubt on her

claim that her removal for unacceptable performance was motivated by retaliation for her protected EEO activity. In sum, we find that the appellant has not shown that the administrative judge erred in finding that she did not establish that retaliation was a motivating factor in her removal.[14]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

---

[14] With her petition for review, and notwithstanding that she is represented by counsel, the appellant has submitted her own affidavit in which she argues that the administrative judge failed to properly review the agency's "alleged errors" in her case. PFR File, Tab 1 at 36-38.  Specifically, she states that the administrative judge who was originally assigned to this case rejected as exhibits the pertinent user manuals on the basis that the parties agreed to submit the relevant pages of the manuals, if necessary. I-2 IAF, Tab 13 at 1.  In her affidavit, the appellant argues that she referenced "pertinent pages" from one of the manuals as proof that each of the alleged errors "were [sic] **not** errors," but that she did not upload the entire document because of its size. PFR File, Tab 1 at 37; I-2 IAF, Tab 7 at 26 n.1.  To the extent that the appellant's complaint is that the administrative judge who adjudicated this case did not, in his decision, address each error cited by the agency, the fact that he failed to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *See Marques*, 22 M.S.P.R. at 132.

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:         _____
                                William D. Spencer
                                Clerk of the Board

Washington, D.C.